should have and receive in her own right the pay for said services, you have the right to take into consideration all the acts, conduct and declarations of the parties in connection with all the other evidence in the case which may throw any light upon these questions; and if you find that the plaintiff has failed to show by a fair preponderance of the evidence any fact essential to her right to recover, then your verdict will be for the defendant. But if you find that she has shown by such preponderance all the facts which she must prove to entitle her to recover and that the settlement as claimed by the defendant with the knowledge and consent of the plaintiff is not shown, then you will proceed to determine from the evidence the length of time or number of weeks that said Jenkins was furnished with boarding, washing and mending while he was in the employ of the defendant, and the fair and reasonable value thereof.

These are questions of fact which you must determine from the testimony of the witnesses and from all the facts and cicrumstances in evidence in the case.

Recurring again to the matter of the contract, the court instructs you that if you find from the evidence that the defendant did enter into a contract with plaintiff to pay her for boarding Jenkins, then you must determine when that contract was made; for the plaintiff, if you shall find in her favor, can only recover for the board, etc., furnished after the contract was made; unless it is shown that boarding has been furnished Jenkins before that time and when in the employment of the defendant, and that by the terms of said contract, such boarding was also to be paid for by the defendant.

[NOTE—Verdict and judgment for defendant, King. Reversed by circuit court for alleged error in those parts of the charge printed in italics. Judgment of the circuit court reversed by the supreme court and common pleas affirmed.]

Smith & Savage, for plaintiff in error.

Hayes & Swaine, for defendant in error.

---

(Cuyahoga County. Common Pleas Court.)

STATE v. J. POWELL.

---

Sec. 7032a, so far as it makes it an offense to play and exhibit a game of base ball on Sunday, is unconstitutional.

---

ONG, J.

Many grounds of error are assigned and nearly all earnestly contested, but it is urged by the plaintiff in error that the statute, to-wit, sec 7032a, under wihch the arrest and prosecution was had, is unconstitutional and void. The court, in looking over the record in this case, finds that a demurrer was by the plaintiff in error filed to the information charging him with a violation of the section of the statute above quoted, which demurrer was overruled in the court below, to which ruling the plaintiff in error excepted.

As we have said, many grounds of error have been assigned, but the one raised by the filing of the demurrer and the overruling of which is assigned as error in this case, is, of course, conclusive of the case, if the contention of the plaintiff in error is correct or well taken, and the holding of the statute in this case unconstitutional and void, would, of course, reverse the cause and discharge the accused as well as render it unnecessary to give any attention to the many grounds of error assigned in other respects during the proceedings below. And whilst the court has canvassed very thoroughly the whole of the errors assigned, together with the entire record in this cause, we are disposed to pass upon the constitutionality of the statute in question, and that error alone.

"It will be observed that sec. 7032a, provides that 'whoever on the first day of the week, commonly called Sunday, participates in or exhibits to the public with or without charge for admittance, in any building, room, ground, garden, or other place in this state, * * * any base ball playing, he or she shall, on complaint made within twenty days thereafter, be fined in any sum not exceeding one hundred dollars, or be confined in the county jail not exceeding six months, or both, at the discretion of the court.'" It is perfectly apparent to the mind of the court, and we think it must be to everyone learned in the law, that such a statute must and does rest for its validity on one of two predicates, to wit: It must either be unlawful or an offense to play or exhibit base ball on Sunday because it is Sunday, or it must rest, in order to be an offense, upon the fact that it is an immoral game or exhibition falling clearly within the police power or regulation, and, therefore, a crime and a violation of its provision punishable as therein provided.

Can the statute, then, be upheld and is it a constitutional act as resting upon the predicate that it is unlawful and a crime to play base ball, or exhibit the game of base ball, on the first day of the week, commonly called Sunday, because it is Sunday? It is not a crime to play base ball on Monday, or any other day of the week. Hence, if it rests upon the fact or is made a crime because it is played on Sunday, or on the first day of the week, commonly called Sunday, then it is clearly in conflict with the constitution and cannot be upheld, because the doctrine is well settled, and especially in Ohio, that all statutes which inhibit common labor, statutes that refer to the first day of the week, commonly called Sunday, are not enacted or enforced to compel the observance of that day as a day of religious worship, but as a day set apart by the statutes of Ohio, as a day of rest. and while the court is well aware that a large majority of the people believe and think that the statute inhibiting certain acts on the first day of the week, commonly called Sunday, are statutes

enacted and enforced because it is Sunday, nevertheless, as the court has indicated, there is no proposition of law so well or more clearly and thoroughly settled in Ohio, and I believe now, in every other state in the Union, that no such statute is enacted or enforced, or can be enacted or enforced, because of the fact that it is the first day of the week, commonly called Sunday, or because that day is generally observed as a day of religious service," but such statute law is enacted purely and solely for the purpose of observing at least one day in the week as a day of rest authorized by law that all mankind may have one day of rest in seven.

To make it perfectly clear, no statute could be upheld under our constitution for one moment that required the people of the state of Ohio to attend any kind or any form of religious services on the first day of the week, commonly called Sunday, or any other day of the week. Such an act would be clearly in violation of the spirit and language of the organic law of the state, but no more so than would be a statute which undertakes to make the commission or omission of an act a crime because it is done or omitted to be done on the first day of the week, commonly called Sunday, and because it is Sunday. As the court has said, all such acts and statutes must and do rest in the fact that the legislatures of the different states of the Union have undertaken to set apart one day of the week as a day of rest. It must, therefore, be conceded that if the legislature undertook to say, as it seemingly did in this case, that to play or exhibit the game of base ball on the first day of the week, commonly called Sunday, because it was Sunday, would be enacting a statute in violation of the constitution of the state and would; therefore, be void. So, the present act cannot be upheld on the theory that it is a crime to play or exhibit the game of base ball on Sunday because it is Sunday.

Again, if the power did exist to enact the statute under consideration and inhibit the exhibition of playing of base ball on the first day of the week, commonly called Sunday, then it would be clearly void because it makes no exception in behalf of that class of people who conscientiously observe the seventh day of the week as Sunday or Sabbath. The supreme court of Ohio have two or three times very distinctly declared that a statute providing for the observance of the first day of the week, commonly called Sunday, as a day of rest, is void and unconstitutional unless it contains a provision exempting those who conscientiously observe the seventh day of the week as Sunday for the operation of the statute. No such exception or provision is made in this statute, and upon that ground it would be clearly void for the want of such exception as repeatedly held by the supreme court of Ohio. We are, therefore, clearly of the opinion that the statute under consideration cannot be upheld or enforced upon the theory that base ball is prohibited from being played or exhibited on the first day of the week, commonly called Sunday, because it is Sunday.

Can it be upheld and sustained in this case because the act inhibited, to wit:—that of playing or exhibiting base ball, falls within the police power or regulation? It is fundamental that all acts, whether acts of omission or commission falling within the broad power of police regulation under the constitution, must be something in the nature of a nuisance, or is, in fact, immoral, or has an immoral tendency; or is an act that tends to interfere with a fair administration of the law or preservation of the peace, or is detrimental to the good or welfare of the whole people. Will it be contended for one moment that to play or exhibit the game of base ball, as it is understood, and, in fact, played or exhibited to-day in Ohio, falls within the provision of the general definition above given of police regulation or police power? We are clearly of the opinion that it does not. It will be observed, by reading sec. 7032a, that the reference therein made to playing or exhibiting of any base ball playing, or any ten pins, or other games of similiar kind or kinds, is classed and grouped in the section with numerous games and acts well known as immoral and of immoral tendencies clearly falling within the definition of the police power and regulation. Whether the legislature of Ohio may or may not enact or place upon the statute books a section that would be constitutional and valid as inhibiting the playing of base ball on the first day of the week, commonly called Sunday, we are not called upon to sayy; but clear it is to the mind of the court, that the statute as it now exists and enacted and grouped among a lot of immoral games, such as gambling, sale of intoxicating liquors, etc., that the provision therein referring to the game of base ball is unconstitutional and void, and does not fall within the definition above given and understood in this day and age of the world as a police power and regulation. As above indicated by the court, if this statute is to be upheld and enforced as a valid and subsisting statute, it must be upon one of the two grounds above stated. And we think it cannot be upheld upon either, and, therefore, the act inhibiting the playing and exhibition of base ball on Sunday in Ohio, is unconstitutional and wholly void of no effect.

The court having reached this conclusion in passing upon this statute, renders it entirely unnecessary to give to this record any consideration as to the other errors assigned. And the court being of the opinion as stated heein, that the act under which the plaintiff in error was arrested and prosecuted and convicted in the police court, is unconstitutional and void, it follows that the police court erred in overruling the demurrer to the information. And for that error, the judgment of the police court is reversed and plaintiff in error discharged, and judgment rendered against the city for all the costs of the proceeding.